ERIC H. HOLDER, JR.
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

ALICIA A.G. LIMTIACO
United States Attorney
MIKEL W. SCHWAB
Assistant United States Attorney
District of Guam & Northern Mariana Islands
Sirena Plaza, 108 Hernan Cortez, Suite 500
Hagåtña, Guam 96910
Telephone: (671) 472-7332

T. CHRISTIAN HERREN JR.
REBECCA WERTZ
LEMA BASHIR
JARED M. SLADE
AMANDA GREGORY
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-4733

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
OCT 06 2010
JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GOVERNMENT OF GUAM; THE GUAM ELECTION COMMISSION; and JOHN F. BLAS, its Executive Director, in his official capacity,

Defendants.

CIVIL CASE NO. 10-00025

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE UNIFORMED AND OVERSEAS CITIZENS ABSENTEE VOTING ACT**

ORIGINAL

The United States of America alleges:

1. This action is brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). UOCAVA provides that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1. Pursuant to amendments made by the MOVE Act, UOCAVA requires that states transmit absentee ballots to UOCAVA voters at least 45 days in advance of an election for Federal office when ballot requests have been received within 45 days of that election, unless the state receives a hardship exemption pursuant to UOCAVA. 42 U.S.C. §§ 1973ff-1(a)(8)(A) & (g). The definition of "state" includes Guam. 42 U.S.C. § 1973ff-6. Guam neither sought nor received a hardship waiver under UOCAVA for the November 2, 2010 Federal general election.

JURISDICTION

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and brings this enforcement action to ensure that Guam's UOCAVA voters will have sufficient opportunity to receive absentee ballots they have requested and submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

DEFENDANTS

4. Defendant Government of Guam is responsible for complying with UOCAVA, and ensuring that validly-requested absentee ballots are sent to UOCAVA voters in accordance with

its terms. 42 U.S.C. §§ 1973ff-1 & 1973ff-6.

5. Defendant Guam Election Commission is responsible for administering election laws in Guam and promulgating rules necessary to "carry out the provisions of the" election code. 3 GUAM CODE ANN. § 2103(d). The Commission has "direct and immediate supervision" over local election officials "designated in accordance with the laws of Guam to perform duties relative to the conduct of elections." 3 GUAM CODE ANN. § 2103(a). The Commission is responsible for the certification of election returns. 3 GUAM CODE ANN. § 11123.

6. Defendant John F. Blas is the Executive Director of the Commission and is sued in his official capacity. He was appointed by the Commission to "administer the election law of Guam" and to "perform and discharge all of the powers, duties, purposes, functions and jurisdiction . . . vested in the Commission in accordance with the rules of the Commission." 3 GUAM CODE ANN. § 2102(a). The Executive Director is the Secretary of the Commission. 3 GUAM CODE ANN. § 2102(b).

## CAUSE OF ACTION

7. Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election. 42 U.S.C. § 1973ff-1(a)(8)(A). Section 102(f)(1) of UOCAVA requires that states establish procedures for at least one method of electronic transmission of blank ballots to UOCAVA voters who opt for electronic transmission. 42 U.S.C. § 1973ff-1(f)(1).

8. Election officials of Guam have received timely requests for absentee ballots for the November 2, 2010 Federal general election from voters who are entitled to vote pursuant to the provisions of UOCAVA.

9. The 45th day before the November 2, 2010 Federal general election was September 18, 2010. Upon information and belief, Guam election officials did not complete transmission of all ballots to UOCAVA voters sooner than October 1, 2010, 32 days before the November 2, 2010 Federal general election.

10. Under Guam law, ballots from UOCAVA voters must be received by the close of polls on election day to be counted. 3 GUAM CODE ANN. §§ 10115 & 10118.

11. Guam election officials did not offer any UOCAVA voters the option of choosing to have their blank ballots transmitted to them electronically until on or around September 24, 2010.

12. Defendants' failure to transmit absentee ballots to UOCAVA voters 45 days in advance of the November 2, 2010 Federal general election constitutes a violation of Section 102(a)(8)(A) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A).

13. Defendants' failure to timely offer an option of electronic transmission of blank ballots to UOCAVA voters constitutes a violation of Section 102(f)(1) of UOCAVA. 42 U.S.C. § 1973ff-1(f)(1).

14. An order of this Court is necessary requiring Defendants to take corrective action in order to protect the rights granted by UOCAVA and to ensure that Guam's UOCAVA voters have sufficient opportunity to receive, mark, and submit their ballots in time to have them counted for the November 2, 2010 general election for Federal office.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to hear this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. § 1345, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that the failure of Guam election officials to send absentee ballots to UOCAVA voters at least 45 days in advance of the

November 2, 2010 general election for Federal office and to timely offer an option of electronic transmission of absentee ballots to UOCAVA voters violates Sections 102(a)(8)(A) and 102(f)(1) of UOCAVA; and

(2) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

(a) To take such steps as are necessary to assure that UOCAVA voters shall have sufficient opportunity to receive, mark, and submit their ballots in time to have them counted in the November 2, 2010 general election for Federal office;

(b) To take such steps as are necessary to assure that UOCAVA voters shall have the opportunity to choose to have their blank absentee ballots transmitted to them electronically;

(c) To take such steps as are necessary to afford UOCAVA voters who are eligible to participate in Guam's November 2, 2010 general election for Federal office a reasonable opportunity to learn of this Court's order;

(d) To provide a report to the United States concerning the transmission, receipt, and counting of ballots for the November 2, 2010 general election for Federal office pursuant to this Court's order within 45 days after the election; and

(e) To take such other steps as are necessary to assure that Guam conducts its elections in compliance with UOCAVA in future federal elections.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

DATED: October 6, 2010

ERIC H. HOLDER, JR.
Attorney General

Thomas E. Perez /jmf

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

ALICIA A.G. LIMTIACO
United States Attorney
Districts of Guam and NMI

By: [signature]

MIKEL W. SCHWAB
Assistant U.S. Attorney

[signature]

T. CHRISTIAN HERREN JR.
REBECCA WERTZ
LEMA BASHIR
JARED M. SLADE
AMANDA GREGORY
Attorneys, Voting Section
Civil Rights Division